UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC D. GANT,

      Plaintiff,

                                         Case No. 1:25-cv-398

v.

                                         HON. ROBERT J. JONKER

STANDARD CONSUMER,

      Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 7) filed on May 12, 2025. Plaintiff filed his Objections to the Report and Recommendation (ECF No. 8) on May 23, 2025.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends that the Court *sua sponte* dismiss without prejudice Plaintiff's claim(s) for lack of jurisdiction.  Plaintiff objects to the Report and Recommendation. After de novo review, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.  The Magistrate Judge carefully and thoroughly considered the allegations and the governing law.

The only federal authority that Plaintiff invokes in his Complaint is the United States Bankruptcy Code and 28 U.S.C. §§ 1331 and 1332, which confer jurisdiction for federal questions and diversity of citizenship, respectively.  (ECF No. 1, PageID.1).  He first recites 11 U.S.C. § 301 and claims that a bankruptcy action to which he is a party "stays the behavior between the two parties" in this case.  (*Id.* at PageID.1–2).  But Plaintiff does not cite any bankruptcy case, and the Court cannot find one in this District naming him as a party.  So neither the Bankruptcy Code nor a general citation to the federal question statute endows the Court with federal jurisdiction over Plaintiff's claim.  And Plaintiff's objection that he somehow alleged a federal cause of action because he sued under contract and tort is without merit because those are creatures of state law.

The Court lacks diversity jurisdiction too.  Plaintiff claims that he "sues for $75,000 at this point."  (*Id.* at PageID.3).  Normally, the Court accepts a plaintiff's amount in controversy as true, but not where the assertion is made in bad faith.  *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010).  It is clear from Plaintiff's allegations that his claim is in fact less than the amount-in-controversy requirement.  Even reading his damages estimates indulgently—including the emotional distress damages that Plaintiff points to in his objections—Plaintiff's cumulative damages do not begin to approach the requisite $75,000 amount in controversy.  So the Court presumes that Plaintiff recited the amount in controversy in bad faith.  *Id.* ("Plaintiff's assertion

of the amount in controversy is presumed to have been made in bad faith if it appears, to a legal certainty, that the original claim was really for less than the amount-in-controversy requirement.").

And even if Plaintiff had in good faith alleged the requisite amount in controversy, there is no diversity jurisdiction for the independent reason that he has not adequately pleaded diversity of citizenship for a corporate entity. He alleges Defendant's principal place of business only, without pleading Defendant's place of incorporation. That is not enough. A party invoking this Court's diversity jurisdiction must state all parties' citizenship so that the court may confirm the existence of complete diversity. *Vaughn v. Holiday Inn Cleveland Coliseum*, 66 F. App'x 249, 250 (6th Cir. 2003) (citing *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)). And "a corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business. § 1332(c)(1). It is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

Even if Plaintiff could establish jurisdiction, he has not articulated a plausible legal basis for his lawsuit. Dismissal of his claim(s) is therefore appropriate for lack of jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 7) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claim(s) are *sua sponte* **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction.

Dated:   June 12, 2025                         /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE

3